HILL BROTHERS v. CYRUS M. EBERLY.

**No. 13,931.**    (79 Pac. 1132.)

Error from Brown district court; WILLIAM I. STUART, judge.  Opinion filed February 11, 1905.  Affirmed.

*Buckles & Pearl*, for plaintiff in error.

*James Falloon*, for defendant in error.

*Per Curiam :*  In an accounting with the aid of a referee Cyrus M. Eberly recovered from Hill Brothers $496, the balance due him for the sale of sewing machines, musical instruments, and some supplies.  His agency or services continued through a period of about four years, during which time there were two changes in the firm.  He first began with Hill & Co., then Hill Bros. & Phelps, and finally Hill & Co.  From the agreed facts and the testimony it appears that these changes did not affect the contract relation with Eberly, and that at each change the successors assumed the liabilities of the firm.  The contract relation with Eberly was more in the nature of an agency than a partnership, but, whatever its proper designation, he was entitled under the evidence to an accounting, and to the recovery which was awarded.  This was also true as to the oil and supplies account, and no error was committed in allowing an amendment of the petition in respect to this account.

We have examined all the errors assigned, and find nothing substantial in them, and, therefore, the judgment is affirmed.

M. RUMELY COMPANY v. C. F. WIEBKE.

**No. 13,948.**    (79 Pac. 1133.)

Error from Saline district court; ROLLIN R. REES, judge.  Opinion filed February 11, 1905.  Affirmed.

*L. F. Jackson* and *H. C. Tobey*, for plaintiff in error.

*C. W. Burch*, for defendant in error.

*Per Curiam :*  The errors complained of in this case are confined exclusively to the sustaining of a motion to suppress certain questions asked by the plaintiff of his witnesses while taking depositions.  An examination of these questions satisfies us that the rulings of the court were right.

The judgment is affirmed.